Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California  90230
Telephone: (310) 590-1820
Facsimile:  (310) 417-3538
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FABRICS INTERNATIONAL, INC., a California Corporation, | Case No.: |
| Plaintiff, | PLAINTIFF'S COMPLAINT FOR: |
| vs. | 1. COPYRIGHT INFRINGEMENT; |
| METRO 22, INC., a New York Corporation; ZULILY, INC., a Delaware Corporation, individually and doing business as "www.zulily.com"; and DOES 1-10, | 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT |
| Defendants. | Jury Trial Demanded |

Plaintiff, UNITED FABRICS INTERNATIONAL, INC. ("UFI"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**INTRODUCTION**

Plaintiff creates and obtains rights to unique two-dimensional graphic artworks for use on textiles, which textiles are transacted primarily in the fashion industry. Plaintiff owns these designs in exclusivity and makes sales of products bearing these designs for profit. Plaintiff's business is predicated on its ownership of these designs and it spends a considerable amount of time and resources creating and obtaining top-quality, marketable and aesthetically-appealing designs. Ongoing and potential customers of Plaintiff obtain design samples from the company with the understanding and agreement that they will only utilize UFI to reproduce said designs should they wish to do so, and will not seek to print the designs elsewhere, or make minor changes to Plaintiff's proprietary work to reproduce the same elsewhere. Despite this agreement, and UFI's exclusive ownership of the copyrights in its designs, parties will still exploit and print UFI's exclusive designs through third parties domestically and abroad. The defendants in this case have imported, purchased, and sold without permission product bearing certain of Plaintiff's proprietary, registered textile designs.

**JURISDICTION AND VENUE**

1.  This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.  Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

///

///

///

**PARTIES**

4.  Plaintiff UFI is a corporation organized and existing under the laws of the State of California with its principal place of business located at 3270 East 26th Street, Vernon, California 90023.

5.  Plaintiff is informed and believes and thereon alleges that Defendant METRO 22, INC. is a corporation organized and existing under the laws of the State of New York with its principal place of business at 1400 Broadway, Suite #808 New York, NY 07624 and is doing business in and with California.

6.   Plaintiff is informed and believes and thereon alleges that Defendant ZULILY, INC., individually and doing business as "www.zulily.com" (collectively, "ZULILY") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 2601 Elliott Avenue, Suite #200 Seattle, WA 98121 and is doing business in and with California

7.  Plaintiff is informed and believes and thereon alleges that Defendants DOES 1-10, inclusive, are manufacturers and/or vendors (and/or agents or employees to a manufacturer or vendor) of garments, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying fabrics and other product printed with certain of Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement, or other currently unknown retail or wholesale customers of the named defendants. Plaintiff will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8.  Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and

adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

<u>**CLAIMS RELATED TO "AUTHORIZED"**</u>

9.      Plaintiff owns a United States Copyright Registration for a two-dimensional textile design it has internally designated as AUTHORIZED ("Subject Design A"). This design was offered for sale prior to the acts complained of herein, and is, and at all relevant times was, owned exclusively by the Plaintiff.

10.     Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design A to numerous parties in the fashion and apparel industries.

11.     Plaintiff is informed and believes and thereon alleges that, following this distribution of product bearing Subject Design A, METRO 22, INC., ZULILY, and certain DOE Defendants created, manufactured, caused to be manufactured, imported, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar, to Subject Design A (hereinafter "Accused Product A") without Plaintiff's authorization. Such Accused Product A includes, but is not limited to garments sold by ZULILY under the designation "Jungle Tiered Sleeveless Dress" and bearing the label "Diva Collection" and identifying information indicating that the garments were manufactured by, caused to be manufactured by, or otherwise supplied to ZULILY by METRO 22, INC.

12.     A comparison of Subject Design A and Accused Product A are set forth below; it is apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs are substantially similar:

///

///

4
COMPLAINT

Subject Design A

Accused Product A





### CLAIMS RELATED TO "BENGAL"

13.     Plaintiff owns a United States Copyright Registration for a two-dimensional textile design it has internally designated as BENGAL ("Subject Design B"). This design was offered for sale prior to the acts complained of herein, and is, and at all relevant times was, owned exclusively by the Plaintiff.

14.     Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design B to numerous parties in the fashion and apparel industries.

15.     Plaintiff is informed and believes and thereon alleges that, following this distribution of product bearing Subject Design B, METRO 22, INC., ZULILY, and certain DOE Defendants created, manufactured, caused to be manufactured,

imported, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar, to Subject Design B (hereinafter "Accused Product B") without Plaintiff's authorization. Such Accused Product B includes, but is not limited to garments sold by ZULILY under the designation "Brown Floral Dress" and bearing the label "Metro 22" and identifying information indicating that the garments were manufactured by, caused to be manufactured by, or otherwise supplied to ZULILY by METRO 22, INC.

16.    A comparison of Subject Design B and Accused Product B are set forth below; it is apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs are substantially similar:

Subject Design B                 Accused Product B



## **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement - Against All Defendants)

17.    Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

18.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Designs A and B (collectively, the "Subject Designs"), including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to legitimate UFI fabric in the marketplace; and (d) access to Plaintiff's strike-offs and samples.

19.    Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor.  Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed the Subject Designs in that said garments were composed of fabric which featured an unauthorized print design that was identical or substantially similar to the Subject Designs.

20.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling fabric and/or garments which infringe the Subject Designs through a nationwide network of retail stores and on-line outlets.

21.    Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

22.    Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

23.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and

indirectly attributable to Defendant's infringement of the Subject Designs in an amount to be established at trial.

24.    Plaintiff is informed and believes and thereon alleges that the infringement of UFI's copyrighted designs was willful, reckless, and/or in blatant disregard for UFI's rights as a copyright holder, and as such claims willful, exemplary and enhanced statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

25.    Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

26.    Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of product featuring the Subject Designs as alleged hereinabove.

27.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

28.    By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

29.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would

not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs, in an amount to be established at trial.

30.     Plaintiff is informed and believes and thereon alleges that the infringement of UFI's copyrighted designs was willful, reckless, and/or in blatant disregard for UFI's rights as a copyright holder, and as such claims willful, exemplary and enhanced statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### ***Against All Defendants***

1. With Respect to Each Claim for Relief

    a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Designs;

    b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

    c. That Plaintiff be awarded additional, enhanced, and elevated damages given the reckless and willful nature of the acts alleged;

    d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

    e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

9
COMPLAINT

f.  That Plaintiff be awarded pre-judgment interest as allowed by law;

g.  That Plaintiff be awarded the costs of this action; and

h.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A <u>TRIAL BY JURY</u> PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: September 5, 2014         DONIGER/BURROUGHS

By:  <u>/s/ *Scott A. Burroughs*</u>
Scott A. Burroughs, Esq.
Trevor W. Barrett, Esq.
Attorneys for Plaintiff
United Fabrics International, Inc.

10
COMPLAINT